Edmundo P. Robaina (No. 018125)
Samuel R. Randall (No. 024517)
ROBAINA & KRESIN PLLC
One East Camelback Road, Suite 710
Phoenix, Arizona 85012
Telephone: (602) 682-6450
Facsimile:  (602) 682-6455
epr@robainalaw.com
srr@robainalaw.com

Attorneys for Plaintiff Raymond Cota

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Cota,  Plaintiff, vs. BestDrive, LLC, Defendant. | No. **COMPLAINT** (Jury Trial Demanded) |

Plaintiff Raymond Cota ("Cota") alleges the following against Defendant BestDrive, LLC ("BestDrive"):

1. This is an overtime and Arizona Wage Act case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and A.R.S. § 23-350 *et. seq.*

2. Cota is, and at all relevant times was, a resident of Maricopa County, Arizona and worked in Maricopa County, Arizona.

3. BestDrive is a Delaware limited liability company authorized to do business in Arizona.

4. This Court has jurisdiction over the subject matter and the parties pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) (2) because the events giving rise to this action occurred in Maricopa County, Arizona.

6. BestDrive is a commercial tire retreader and distributor that specializes in servicing semi-truck fleet customers with new tires, retreads, casing management and

road-side assistance.

7. Cota began his employment with BestDrive's Phoenix location in July of 2012 as a delivery driver.

8. On September 1, 2013, Cota was promoted to the position service lead/dispatch, and he held that position until his termination on June 16, 2015.

9. In his service lead role, Cota installed passenger light tires and commercial tires for BestDrive's customers.

10. In his service dispatch role, Cota functioned as the interface between the service department and the Phoenix location's many repeat customers.

11. As service dispatch, Cota took calls on a cell phone provided by BestDrive from customers seeking BestDrive's services, and he dispatched calls to other service employees.

12. Cota performed his service dispatch duties both during regular work hours and after hours on nights and weekends.

13. On typical weeknights, Cota took between 1-2 calls for service from customers.

14. On typical weekends, Cota took 20 to 30 calls per day from customers, typically beginning at around 7:00 a.m., and tailing off after approximately 5:00 p.m.

15. The customer calls typically made it necessary for Cota to make calls for service to other BestDrive service employees handling weekend service duties.

16. On the weekend calls, Cota would typically engage with the service workers and customers in multiple calls in order to line up service for the customers.

17. During relevant times, BestDrive's Phoenix Operations Manager, Dan Tegmeirer, made it clear to Cota that Cota was required to take all calls that came in at night and on weekends.

18. In order to perform his weekend duties, Cota had to be available to take the calls at all hours of the day, every weekend of the year.

19. During relevant times, no other Phoenix employee performed the night or

weekend customer service duties.

20. As a result his weekend duties, Cota had very little ability to engage in personal activities on the weekends, especially during the daytime.

21. Cota could not attend events or participate in activities that would prevent him from answering customer phone calls.

22. Cota could also not entertain guests in his home during weekend days for the same reason and because he might have to go to the Phoenix location himself.

23. Cota's regular rate of pay with BestDrive was $16 per hour for the hours up to 40 hours per week that he worked while on BestDrive's premises.

24. Cota received overtime pay at the rate of $24 per hour for any overtime hours he worked while on BestDrive's premises.

25. Cota spoke with his management numerous times seeking pay for his off-premises work.

26. Cota's managers agreed to address the situation. However, they never did.

27. BestDrive never paid Cota for his off-premises work or for the time he was engaged to wait on weekend customer calls.

## Count One

### (FLSA Overtime Claim)

28. Cota incorporates by reference all previous allegations.

29. At times relevant to his overtime claim, Cota was a covered employee under the FLSA

30. At all times relevant to his overtime claim, BestDrive was Cota's employer pursuant to the FLSA.

31. Time waiting for work is compensable under the FMLA if the waiting time is spent primarily for the benefit of the employer and his business.

32. BestDrive failed or refused to pay Cota overtime wages for all of the hours over forty hours per week that he worked, including the time that Cota spent on call during weeknights and the weekend time that Cota spent either on calls or waiting for

calls for BestDrive's benefit.

33. As a result, Cota has suffered lost wages in the form of lost overtime compensation.

34. Cota is entitled to recover overtime compensation, liquidated damages, and his attorneys' fees.

WHEREFORE, Plaintiff Raymond Cota asks for judgment in his favor and against BestDrive LLC, and asks the Court to:

A. Award Cota overtime pay, pre-judgment and any other appropriate relief necessary to make Cota whole and compensate him for the legal violations described above;

B. Award Cota liquidated damages;

C. Award Cota attorneys' fees pursuant to 29 U.S.C. § 216 and related expenses; and

D. Award Cota such other legal and equitable relief as the Court deems just and proper.

### Count Two

**(Wage Claim Pursuant to A.R.S. 23-350 *et. seq.*)**

35. Cota incorporates by reference all previous allegations.

36. At relevant times, BestDrive had a policy or practice of paying terminated employees their unused Paid Time Off ("PTO") hours.

37. Prior to his termination Cota accrued approximately 109 PTO hours.

38. Cota's PTO hours were wages pursuant to A.R.S. § 23-350.

39. After the termination of Cota's employment, BestDrive failed or refused to pay Cota for his PTO hours as required by A.R.S. §§ 23-352 and 23-353.

40. BestDrive had no legitimate basis for withholding Cota's wages pursuant to A.R.S. § 23-352.

WHEREFORE, Plaintiff Raymond Cota asks the Court for judgment in his favor and against BestDrive LLC, and asks the Court to:

A. Award Cota his wages pursuant to A.R.S. §§ 23-352 and 23-355;

B. Award Cota treble damages pursuant to A.R.S. § 23-355;

C. Award Cota attorneys' fees pursuant to A.R.S. § 12-341.01;

D. Award Cota pre-judgment and post judgment interest; and

E. Award Cota such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 9th day of October, 2015.

          ROBAINA & KRESIN PLLC

          By /s/ Edmundo Robaina
           Edmundo Robaina
           Samuel Randall
           Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff Raymond Cota hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this 9th day of October, 2015

          ROBAINA & KRESIN PLLC

          By /s/ Edmundo Robaina
           Edmundo Robaina
           Samuel Randall
           Attorneys for Plaintiff